UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| RODERICK ENSLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 1:10-CV-411 |
| ALLEN COUNTY SHERIFF, et al., | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Before the Court is Plaintiff Roderick Ensley's motion to amend his complaint (Docket # 38), which he contends relates back to the filing of his original complaint. (Mot. for Leave to Am. Compl. ¶¶ 1, 2.) Ensley represents that he "seeks leave to add additional clarification as to the names of several staff from the Allen County Jail who, in the original Complaint, were only identified by their ID numbers." (Mot. for Leave to Am. Compl. ¶¶ 1, 2.)

Defendant Pamela Thornton objects to Ensley's motion. (Docket # 39.) She argues that the amendment does not relate back and thus is futile because it seeks, among other things, to add for the first time "Judy Lahrman #C952" as a Defendant purportedly *after* the statute of limitations has run.[1] Ensley failed to file a reply to the motion, and the time to do so has since passed.

For the following reasons, Ensley's motion will be GRANTED IN PART and DENIED

---

[1] The Allen County Sheriff Defendants also responded to Ensley's motion. (Docket # 40.) They did not advance a formal objection, but stated that they wanted to "reserve the right to assert the applicable statute of limitations and to oppose any relation back to any new Defendants, including Judy Lahrman." (Allen County Sheriff's Resp. ¶ 2.)

IN PART.

### A. Factual and Procedural Background

Ensley filed this 42 U.S.C. § 1983 action on November 22, 2010, alleging that from "approximately December 29, 2008 until around June of 2009" Defendants "Allen County Sheriff (Official Capacity), Allen County Jail Nurse Peggy _____, Officer Gerardot, Nurse Pamela Thornton, Officer Dirock, Allen County Jail Officer PE # C1031, Allen County Jail Officer PE # C1314, Allen County Jail Officer PE # C978, Allen County Jail Officer PE # 1027, Allen County Jail Officer PE # 68, and Other Unidentified Allen County Jail Officers (John Does/Jane Does)" violated his rights under the Eighth Amendment by denying him medicine and medical care while he was incarcerated at the Allen County Jail. (Docket # 1.)

A scheduling conference was held on March 11, 2011, at which the following deadlines were established: May 2, 2011, for any amendments to the pleadings by Ensley; June 2, 2011, for any amendments to the pleadings by Defendants; and October 31, 2011, for the completion of all discovery. (Docket # 27, 30.) A month later, a trial management order established a dispositive motion deadline of January 13, 2012, and a trial date of June 5, 2012. (Docket # 33.) On May 2, 2011, Ensley filed a motion requesting an extension of time to amend his complaint, and the Court granted his motion, extending the deadline until June 1, 2011. (Docket # 34, 36, 37.)

On June 1, 2011, Ensley filed the instant motion to amend. (Docket # 38.)

### B. Standard of Review

Under Federal Rule of Civil Procedure 15, a party may amend his pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a

responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier.  Otherwise, a plaintiff may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a).  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

## C. Discussion

Here, in his cursory motion to amend, Ensley states that he seeks to clarify the names of several staff from the Allen County Jail who were identified as Defendants in his original complaint solely by their identification numbers, and he contends that the amended complaint relates back to the filing of the original complaint.  Thornton argues that Ensley's motion to amend is a futility because it names a completely new Defendant, Judy Lahrman #C952, and does not relate back to the original complaint, rendering it futile in light of the applicable two-year statute of limitations. *See* Ind. Code § 34-11-2-4.

Indeed, "if a proposed amended complaint is filed after the period of limitations has run, and does not relate back to the date of the original complaint pursuant to the requirements of [Federal] Rule [of Civil Procedure] 15(c)(1), the amended complaint would be time-barred and could not, as a matter of law, withstand a motion to dismiss." *Pierce v. City of Chicago*, No. 09 C 1462, 2010 WL 4636676, at *2 (N.D. Ill. Nov. 8, 2010).  "A district court could then deny the motion for leave to amend as futile." *Id.*; *see King v. One Unknown Fed. Corr. Officer*, 201 F.3d

3

910, 914 (7th Cir. 2010).

"An amendment that seeks to add a new party relates back when it asserts a claim that arises out of the same conduct, transaction, or occurrence set out in the original pleading, and when the party to be brought in received notice of the action such that [she] will not be prejudiced and knew or should have known that the action would have been brought against [her] *but for a mistake concerning the party's identity*." *Pierce*, 2010 WL 4636676, at *2 (citing Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii)) (emphasis added in *Pierce*); *see Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2491-92 (2010). "The 'mistake' requirement of the relation-back rule is not satisfied by a mere lack of knowledge of the proper defendant; the plaintiff must have actually erred in naming the proper defendant." *Pierce*, 2010 WL 4636676, at *2 (citing *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006)).

To reiterate, "[l]ack of knowledge as to the proper defendant is not a mistake." *Daniel v. City of Matteson*, No. 09-cv-3171, 2011 WL 198132, at *4 (N.D. Ill. Jan. 18, 2011). Therefore, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . ." *Demouchette v. Sheriff of Cook Cnty.*, No. 09 C 6016, 2011 WL 1378712, at *2 (N.D. Ill. Apr. 12, 2011) (quoting *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)).

Here, Ensley never argues that the omission of "Judy Lahrman" or "# C952" in the original complaint was a mistake. For that matter, he failed to even reply to Thornton's arguments concerning the omission or her assertion that leave to amend should be denied on the basis of futility. Under Seventh Circuit case law, Ensley's failure to argue, much less establish, that he made a mistake is fatal to his assertion that the proposed amendment relate back to the

4

original complaint. *See, e.g.*, *Daniel*, 2011 WL 198132, at *4 (denying plaintiff's motion to amend as futile where he simply claimed that he did not know defendants' identities and did not contend that he made a mistake); *Pierce*, 2010 WL 4636676, at *4 (emphasizing in denying plaintiff's motion to amend as futile that plaintiff failed to claim in his motion that he had made a mistake). As emphasized herein, "a simple lack of knowledge of the identity of the proper party", which is presumably what occurred here in light of Ensley's naming of Doe Defendants in his original complaint, is insufficient to satisfy Rule 15(c)'s relation-back requirements. *King*, 201 F.3d at 914 (quoting *Baskin v. City*, 138 F.3d 701, 704-05 (7th Cir. 1998)); *see Daniel*, 2011 WL 198132, at *4 (denying motion to amend to substitute names for Doe defendants after the statute of limitations had run where plaintiff alleged lack of knowledge rather than mistake).

Nevertheless, on this record, Thornton overreaches in asserting that Ensley's proposed amended complaint adding Lahrman as a Defendant is futile under the two-year statute of limitations. To explain, Ensley states in his original complaint that he was incarcerated at the Allen County Jail from December 29, 2008, "until around June of 2009" and that Defendants violated his Eighth Amendment rights by ignoring his requests for medication and medical care. (Compl. ¶ 1.) As Thornton tells it, the statute of limitations with respect to any claims against Lahrman *must* have expired before June 1, 2011—the date Ensley filed the instant motion to amend—because Ensley represents in his complaint that "[e]ventually" he received his medications during his incarceration. Thus, according to Thornton's reasoning, any denial of medication by Lahrman must have occurred earlier in Ensley's incarceration, that is, prior to June 1, 2009.

Thornton's argument, however, overlooks that Ensley *also* alleges in his original

5

complaint that when he did finally receive medications from the Allen County Jail personnel, they were the wrong ones. (Compl. ¶ 7.) Therefore, on this record, it is indeed possible that the alleged wrongdoings by Lahrman giving rise to Ensley's claims could have occurred yet in June 2009, rendering his June 1, 2011, motion to amend still within the two-year statute of limitations period with respect to such acts. Moreover, any assertion by Thornton that Ensley's motion to amend is untimely is not well-taken, considering that Ensley filed his motion within the deadline for amending the pleadings. Although Thornton observes that the lawsuit "has been pending for months" and that initial disclosures were exchanged, this alone does not constitute undue delay, particularly where discovery remains open and no motion for summary judgment has been filed. *Traylor v. GTE North, Inc*., No. 1:04-CV-00445, 2005 WL 3210613, at *1 (N.D. Ind. Apr. 13, 2005).

Accordingly, Ensley's motion to amend (Docket # 38) will be GRANTED IN PART in that Ensley will be granted leave to file an amended complaint adding Lahrman as a Defendant and articulating the names of the individual Allen County Jail Officers who were identified only by their identification numbers in the original complaint. *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). Ensley's motion, however, is DENIED IN PART in that any claims against Lahrman will not relate back to the date of the original complaint. In addition, after Ensley filed his motion to amend, the parties stipulated to dismiss Defendant Nurse Filips (styled as "Allen County Jail Officer PE #C978" in the original complaint), and the Court did so on June 27, 2011. (Docket # 41-43.) Therefore, the amended complaint must also omit Ms. Filips as a Defendant.

## D. Conclusion

For the foregoing reasons, Plaintiff's motion to amend his complaint (Docket # 38) is GRANTED IN PART in that Plaintiff is granted leave to file an amended complaint adding Lahrman as a Defendant and articulating the names of the individual Allen County Jail Officers who were identified only by their identification numbers in the original complaint. Plaintiff's motion, however, is DENIED IN PART in that any claims against Lahrman do not relate back to the date of the original complaint. Once counsel appears for Lahrman, she will have an opportunity to consent to the Magistrate Judge.

SO ORDERED.

Enter for July 7, 2011.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge